**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jerry L. Pless and Judy M. Pless, Respondents,

v.

Kristi L. Hendricks and Brian Keith Gary, Defendants,

Of whom Kristi L. Hendricks is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2014-001865

———————————

Appeal From Abbeville County
Joseph W. McGowan, III, Family Court Judge

———————————

Unpublished Opinion No. 2015-UP-265
Submitted April 22, 2015 – Filed May 21, 2015

———————————

**AFFIRMED**

———————————

Andrew Michael Hodges, of the Hodges Law Firm, LLC, of Greenwood, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondents.

Joshua S. Nasrollahi, Guardian ad Litem, of Greenwood.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Doe v. Roe*, 386 S.C. 624, 630, 690 S.E.2d 573, 577 (2010) ("Upon appellate review, [an appellate court] may make its own conclusion from the record as to whether clear and convincing evidence supports the termination."); *id.* at 630-31, 690 S.E.2d at 577 ("The appellate court, however, is not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony."); S.C. Code Ann. § 63-7-2570(4) (Supp. 2014) ("The family court may order [TPR] upon a finding . . . [t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has [willfully] failed to support the child."); *id.* ("Failure to support means that the parent has failed to make a material contribution to the child's care."); *id.* ("A material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means."); *Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 102, 627 S.E.2d 765, 774 (Ct. App. 2006) ("In TPR cases, the best interest of the child is the paramount consideration."); *id.* (stating if the child's interest and the parental rights conflict, the interest of the child shall prevail).

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.